United States District Court
Central District of California

RE-SENTENCING

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** SA CR 19-00195-ODW-3 |
| **Defendant** Sandy Mai Trang Nguyen | **Social Security No.** 9 5 2 7 |
| akas: Nee (Maiden Name): Hoang, Sandy Mai Trang Also Known As: Hoang, Mai Trang | (Last 4 digits) |

In the presence of the attorney for the government, the defendant appeared in person on this date.

**MONTH** August  **DAY** 18  **YEAR** 2025

**COUNSEL**: M. Anthony Brown, retained
(Name of Counsel)

**PLEA**: [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE  [ ] NOT GUILTY

**FINDING**: There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**Counts 1-21:** 18:1347(a)(2),2: Health Care Fraud; **Count 49:** 18:1516(a),2: Obstructing a Federal Audit

**JUDGMENT AND PROB/COMM ORDER**: The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**28 months. This term consists of 28 months on each of Counts 1 through 21 of the Indictment, to be served concurrently with each other, and 28 months on Count 49 of the Indictment, to be served concurrently to the terms imposed on Counts 1 through 21. Defendant shall be credited for time served and, the Court having determined such time, orders that defendant be forthwith released from custody.**

It is ordered that the defendant shall pay to the United States a special assessment of $2,200, which is due immediately.

It is ordered that the defendant shall pay restitution to TRICARE in the total amount of $2,647,871.07 pursuant to 18 U.S.C. §§ 3663A and 3664(h). This amount shall be joint and several with defendants Leslie Andre Ezidore, Marcus Armstrong, and Alexander Semenik. The funds in Defendant's retirement accounts which are currently the subject of a pending garnishment action, Case No. 8:24-cv-00682, will be applied toward Defendant's restitution obligation. It is further ordered that Defendant will apply her best efforts to sell four real properties located in Arizona within the next six months, and the net proceeds from the sale of the four real properties will be applied toward her restitution obligation. If within six months from the date of this judgment the four real properties have not been sold, the government may effectuate the sales. Defendant will take all necessary steps to cooperate with the government's sale of these four real properties.

| | | | |
|---|---|---|---|
| USA vs. Sandy Mai Trang Nguyen | | Docket No.: | SA CR 19-00195-ODW-3 |

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with Second Amended General Order No. 20-04.

Pursuant to Guideline §5E1.2(a), all fines are waived as the Court finds that the defendant has established an inability to pay any fine.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of one year. This term consists of one year on each of Counts 1 through 21, and 49 of the Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04, including the conditions of probation and supervised release set forth in Section III of Second Amended General Order 20-04.

2. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

3. The defendant shall cooperate in the collection of a DNA sample from herself.

4. The defendant shall not be employed in any position that requires licensing or certification by any local, state, or federal agency without the prior written approval of the Probation Officer.

5. The funds in Defendant's retirement accounts which are the subject of a pending civil garnishment action, Case No. 8:24-cv-00682, shall be applied to defendant's restitution balance.

Case 8:19-cr-00195-ODW   Document 467   Filed 08/18/25   Page 3 of 7   Page ID #:4426

| USA vs. Sandy Mai Trang Nguyen | Docket No.: SA CR 19-00195-ODW-3 |

6. Defendant will apply her best efforts to sell four real properties located in Arizona within the next six months, and the net proceeds from the sale of the four real properties will be applied to her restitution balance. If within six months from the date of this judgment the four real properties have not been sold, defendant will cooperate with the government to effectuate the sale of the four real properties.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider -

The nature and circumstances of the offense and the history and characteristics of the defendant;

2.  The need for the sentence imposed --

    a.  To reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;

    b.  To afford adequate deterrence to future criminal conduct;

    c.  To protect the public from further crimes of the defendant; and

    d.  To provide the defendant with needed educational correctional treatment in the most effective manner.

3.  The kinds of sentences available;

4.  The guideline sentencing range;

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

6.  The need to provide restitution to any victims of the offense.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

August 18, 2025
Date

U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

| USA vs. | Sandy Mai Trang Nguyen | Docket No.: | SA CR 19-00195-ODW-3 |
|---|---|---|---|

Clerk, U.S. District Court

| August 18, 2025 | By | Sheila English /s/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;

2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;

3. The defendant must report to the probation office as instructed by the court or probation officer;

4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;

5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;

6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;

7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;

8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;

10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;

14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The defendant must also comply with the following special conditions (as indicated below)

☐ **STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

ited States District Court, Central District of California

    Attn: Fiscal Department

    255 East Temple Street, Room 1178

    Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):

    Non-federal victims (individual and corporate),

    Providers of compensation to non-federal victims,

    The United States as victim;

3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____   By _____
Date                         Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____   By _____
Filed Date                   Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Case 8:19-cr-00195-ODW   Document 467   Filed 08/18/25   Page 7 of 7   Page ID #:4430

USA vs.   Sandy Mai Trang Nguyen                    Docket No.:   SA CR 19-00195-ODW-3

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)_____          _____
                Defendant                                                           Date


_____                       _____
     U. S. Probation Officer/Designated Witness                    Date